MORRIS H. SMITH, Appellant, *v.* MAGDALENA BUHLER,
Respondent.

Under the provisions of the act of 1871, in relation to the collection of
assessments in the city of New York (§ 13, chap. 381, Laws of 1871), which
requires the service upon the owner of lands sold and conveyed for taxes,
of a notice to redeem, as prescribed by the act, until such service the
grantee or lessee obtains no title, and to divest him of title the notice
served must be in strict accordance with the act.

Where, therefore, a sale was made and lease given for the non-payment of
taxes for the year 1876, and the notice served stated a sale for a tax of
1874, *held*, that this was not a compliance with the requirement of said
provision that the notice " shall state in substance the sale and convey-
ance; " that the defect was more than a mere omission, it was a statement
false and misleading in a material respect; and so, that the lessee acquired
no title.

Where upon trial, defendant asks the court to direct a verdict in his favor
upon specific grounds, and also generally, and the request is granted,
the direction may be sustained upon appeal, on any grounds which
the case presents.

(Argued March 20, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Superior
Court of the city of New York, entered upon an order made
January 7, 1889, which affirmed a judgment in favor of
defendants entered upon a verdict directed by the court.

This was an action of ejectment to recover certain lands in
the city of New York, plaintiff claiming title under a tax sale
and conveyance by the city comptroller.

The sale was for the non-payment of taxes for the year 1876.
The notice to redeem, served by the purchaser upon the owner,
stated that the sale was for " default in payment within the
time limited by law and after due notice, of the annual taxes
levied upon said lands and tenements for the year 1874." At
the close of the evidence defendant's counsel asked the court
to direct a verdict in their favor upon several specific grounds
which did not present the point as to error in date and also
generally. The request was granted.

*John Townshend* for appellant. The party against whom a verdict is ordered is entitled to have every doubtful fact found in his favor. (*Colegrove* v. *N. Y. & N. H. R. R. Co.*, 20 N. Y. 494.) Literal compliance with the statute is not required; substantial compliance is sufficient. (*Parish* v. *Golden*, 35 N. Y. 462; *B. Bank* v. *Bd. Suprs.*, 48 id. 93.) The affidavit complies with the statute. (Laws of 1859, chap. 302, § 7.) The affidavit and assessment-roll are to be construed together. (*Sharp* v. *Johnson*, 4 Hill, 103.) The objection, that the tax warrant was not signed by the mayor or recorder, was not well taken. (*Smith* v. *Walker*, 24 J. & S. 391; Laws of 1843, chap. 230, § 2; Laws of 1857, chap. 596; Laws of 1858, chap. 321, § 2; Laws of 1870, chap. 137, 190; Laws of 1872, chap. 860; Laws of 1873, chap. 330, 757, 763, §§ 1, 4; Laws of 1874, chap. 515, § 1.) The objection that the pamphlet did not give a sufficient "description" of the property or of the ownership of the property, was not well taken. (Laws of 1871, chap. 381, § 3.) The word owner does not mean the technical owner of the title, but the person in whose name, as owner or occupant, the land is assessed. (*People* v. *Cady*, 105 N. Y. 299.) No tax shall be void in consequence of the name of the rightful owner not being inserted in the assessment-roll. (Laws of 1867, chap. 410, § 5; *Haight* v. *Mayor, etc.*, 99 N. Y. 280–282.) The respondents are limited in their objections to appellant's right to recover to the four grounds taken at the trial and upon which they moved for and obtained a verdict in their favor. (*Speckman* v. *McChesney*, 20 N. Y. S. R. 79.) The date of the lease is presumably the date of its delivery, and there is nothing to rebut the presumption that the date and delivery were synchronal. (*Purdy* v. *Coar*, 109 N. Y. 448, 450.) The statute makes the comptroller's certificate the best and only evidence of the compliance with the statute. (Taylor on Ev. § 1367; *Bd. Water Comrs.* v. *Lansing*, 45 N. Y. 21.) The comptroller's certificate is to be recorded with the lease and in terms declares that it is evidence of the service and that must be so because the affidavit of service is not evidence of the service. (*People* v. *Walsh*,

22 Hun, 139 ; 87 N. Y. 481 ; *Caulkins* v. *Chamberlain*, 37 Hun, 163 ; *Jackson* v. *Estey*, 7 Wend. 150 ; *Lucas* v. *McEncrua*, 19 Hun, 15.) The certificate is a judicial act. (*Brown* v. *Smith*, 24 Barb. 419 ; *Weaver* v. *Devendorf*, 3 Den. 117 ; *Cagurin* v. *Town of Hancock*, 84 N. Y. 541 ; *Voorhees* v. *Martin*, 12 Barb. 508 ; *People* v. *Mayor, etc.*, 9 id. 535 ; *R. W. L. Co.* v. *City of Rochester*, 3 N. Y. 463 ; *Ross* v. *Fuller*, 14 Vt. 265 ; *Wood* v. *Chapin*, 13 N. Y. 509–525.) When a subordinate body is vested with power to determine a question of fact, the duty is judicial. (*People* v. *Com. Council*, 78 N. Y. 39 ; *Howland* v. *Eldridge*, 43 id. 457 ; *People* v. *Brennan*, 39 Barb. 651 ; *People* v. *Collins*, 19 Wend. 56.) Their decision involved the exercise of judgment and discretion, and, in reaching the same, their action was *quasi* judicial. (*People* v. *Police Comrs.*, 20 Wkly. Dig. 552 ; *People* v. *Chapin*, 104 N. Y. 96 ; *Cunningham* v. *Bucklin*, 8 Cow. 178 ; *Striker* v. *Kelly*, 7 Hill, 19 ; *Mills* v. *Martin*, 19 Johns. 7 ; *Humerton* v. *Hay*, 65 N. Y. 380 ; *Rawson* v. *Adams*, 17 Johns. 131 ; *People* v. *Cook*, 8 N. Y. 82 ; *Dibble* v. *Rogers*, 13 Wend. 541 ; 3 Washb. on Real Prop. 327 ; *Van Wormer* v. *Mayor, etc.*, 15 Wend. 262 ; *White* v. *Coatsworth*, 6 N. Y. 137 ; *Suprs.* v. *Birdsall*, 4 Wend. 453 ; *People* v. *Suprs.*, 35 Barb. 408 ; *People* v. *Stocking*, 50 id. 573 ; *Suprs.* v. *Briggs*, 2 Den. 26 ; *Sheldon* v. *Wright*, 5 N. Y. 497 ; Burroughs on Tax. § 116 ; *Wallace* v. *Brown*, 22 Ark. 118, 444 ; *Hunt* v. *McFadgen*, 20 id. 277 ; *Parker* v. *Overman*, 18 How. Pr. 140 ; *Payne* v. *Daly*, 18 Ark. 444 ; *French* v. *Lyan*, 93 U. S. 169 ; *Ehrhardt* v. *Hogaboon*, 116 id. 67, 69 ; *People* v. *Bd. Suprs.*, 45 N. Y. 200 ; 1 R. S. 759, § 17 ; Code Civ. Pro. § 936 ; *Hitz* v. *Jenks*, 123 U. S. 303 ; *In re Kieran*, 62 N. Y. 457 ; *Cramer* v. *Arthur*, 102 U. S. 612 ; Laws of 1871, chap. 381, § 16.) As the comptroller is an officer of limited jurisdiction, to give effect to his act (certificate) it is necessary for the party alleging his jurisdiction to show the facts giving jurisdiction. (Laws of 1871, chap. 381, §§ 15, 16 ; *Caulkins* v. *Chamberlain*, 37 Hun, 163 ; *Stanton* v. *Ellis*, 12 N. Y. 575 ; *Staples* v. *Fairchild*, 3

id. 46; *Sheldon* v. *Wright*, 5 id. 497; *Coquin* v. *Town of Hancock*, 84 id. 532; *Bank of Chemung* v. *City of Elmira*, 53 id. 49; *Bloom* v. *Burdick*, 1 Hill, 143; *Ferguson* v. *Crawford*, 70 N. Y. 265; *Sibley* v. *Waffle*, 16 id. 180, 186.) It is not claimed for the certificate that it goes further than to be conclusive as to the facts certified. If there are shown any defects in the lease or the proceedings upon which the lease is based anterior to the comptroller's certificate, such defects are not cured by the certificate. (*Burger* v. *Jackson*, 9 Ohio, 163; *Stewart* v. *Meyer*, 54 Md. 467; *Guilbert* v. *Elchison*, 51 id. 478.) The defendants cannot say they are not bound by the comptroller's decision (certificate) because they are not parties to it. (*Hunt* v. *Hunt*, 72 N. Y. 217; *Schrauth* v. *D. D. S. Bank*, 86 id. 394; *People* v. *Walter*, 68 id. 408; *Wright* v. *Cabot*, 89 id. 576; *Keer* v. *Blodgett*, 48 id. 62.) To permit defendant to give evidence contradicting the comptroller's certificate would operate unjustly against the tax lease holder. (*Maxey* v. *Clabaugh*, 7 Gilman, 26; *McCrady* v. *Sexton*, 29 Ia. 326; *Coffin* v. *City of Brooklyn*, 116 N. Y. 139; *Bedell* v. *Shaw*, 59 id. 46.)

*Carlisle Norwood* for respondent. The respondent has the right to support the judgment appealed from upon any ground appearing in the case. (*Allard* v. *Greasert*, 61 N. Y. 4; *Simar* v. *Canaday*, 53 id. 298, 301; *Scott* v. *Morgan*, 94 id. 508, 515.) Public officers exercising the right of selling the property of the citizen by statutory authority are required to pursue the requirements of the statute strictly. (*People* v. *Hagadorn*, 104 N. Y. 516, 521; *Newell* v. *Wheeler*, 48 id. 486, 490.) The lease was only presumptive evidence of the facts upon which plaintiff's title was founded. (*Shattuck* v. *Bascom*, 105 N. Y. 39, 44; *Donahue* v. *O'Connor*, 13 J. & S. 278, 297.) The affidavit of the deputy tax commissioner attached to the assessment-roll made in 1875 for the taxes levied in 1876, stated: "That in the assessment-rolls is set down and given the ward and block numbers of such real estate within the said district." The description of the prop-

·erty contained in the pamphlet of the sales for taxes of 1876 was insufficient. (Laws of 1859, chap. 302, § 7; *Shattuck* v. *Bascom*, 105 N. Y. 39, 45; Laws of 1871, chap. 281, § 3; *Lalor* v. *Mayor, etc.*, 12 Daly, 235, 239; *Roukendorf* v. *Taylor*, 4 Pet. 349, 362; *Jackson* v. *Healy*, 20 Johns. 493; Blackwell on Tax Titles, 226; Black on Tax Titles, § 81.) Service of the notice to redeem required by section 13 of chapter 381 of the Laws of 1871 was made upon the alleged owner and occupant before the delivery of the lease to the plaintiff. That is a fatal defect. (Laws of 1871, chap. 381, § 13; *Donahue* v. *O'Connor*, 13 J. & S. 278, 302; *Paillet* v. *Young*, 4 Sandf. 58; *Hand* v. *Ballou*, 12 N. Y. 541; Laws of 1871, chap. 381, § 13.) The notice to redeem did not comply with the statute. (Laws of 1871, chap. 381, § 13; *Knowlton* v. *Moore*, 136 Mass. 32, 33; Stat. of Mass. chap. 12, § 29; *Alexander* v. *Pitts*, 7 Cush. 503.)

FINCH, J. There is one defect in the tax title of the plaintiff which we are unable to surmount. Due service upon the owner of a notice to redeem is made essential to the right of the purchaser to have his lease from the comptroller made absolute. Until then the lessee as against the owner obtains no title, and has only an imperfect or inchoate right which may ripen into one. That notice is for the protection of the owner, and to give him a final opportunity to save his title from destruction. It is to him the most important step in the proceeding, upon which he has a right to rely, and since its result is to finally divest his title must be taken in strict accordance with the statute. That requires, among other things, that the notice "shall state in substance the sale and conveyance," by which is meant not *a* sale and conveyance, but those which had actually occurred, and as against which the purchaser calls upon the owner to redeem. Any material misstatement which describes a sale which never occurred must necessarily mislead the owner and throw him off his guard and operate as a fraud upon his rights. In this case the sale made and the lease given were for the non-payment of

the taxes of 1876, and it was upon those taxes that jurisdiction rested, and against them and the effect of their non-payment that the owner was to be called on to redeem. The notice in fact served did not state that sale or a conveyance founded upon it as the statute required (Laws of 1871, chap. 381, § 13), but, on the contrary, stated a sale for a tax of 1874. Against that tax, and a sale thereunder, the owner may have had a perfect defense and felt safe in omitting to redeem, and had a right to rest upon the notice which called upon him to redeem from a sale for the taxes of that year. Of a sale for the taxes of 1876, and a lease founded on such a sale, he never was notified by a redemption notice, or called upon to redeem from a purchase thereunder. No notice of "*the* sale and conveyance" relied upon was given him, but, instead, of another and different sale and conveyance from which it was not needed that he should redeem. The defect was more than a mere omission. It was a false statement of the facts, and that shows why one of the answers to the difficulty furnished by the appellant is unsound. He says the statement was surplusage. I do not think it was, for instead of adding needless information it so qualified the required statement of sale as to make that statement false and misleading in a material respect. He further says that the objection was not raised. But his own exception upon which he founds his appeal is to the direction which the court gave of a verdict for the defendants. They not only asked for that decision upon specific grounds, but also generally, and may defend the direction given upon any grounds which the case presents. We think, therefore, the direction was right and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.